

DA 16-0089

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 217N

IN THE MATTER OF:

A.D. and K.D.,

       Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADN 14-064 and
ADN 14-065
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Tracy Labin Rhodes, Attorney at Law, Missoula, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          John W. Parker, Cascade County Attorney, Valerie W. Winfield, Deputy
County Attorney, Great Falls, Montana

                 Submitted on Briefs:  August 10, 2016

                       Decided:  August 30, 2016

Filed:

                            _____
                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.L.B. (Mother) and R.D. (Father) are the biological parents of minor children K.D. and A.D., currently three and four years old respectively. In February 2014, the Department of Public Health and Human Services, Child and Family Services Division (Department or DPHHS), petitioned for temporary investigative authority. In March, the Department petitioned for emergency protective services, adjudication of the children as youths in need of care, and temporary legal custody. The petitions were granted, a hearing was scheduled for March 19, 2014, and the children were removed from Mother's home and placed in foster care. A later placement resulted in the children being placed with their paternal grandfather where they currently safely reside. As Mother reported that she and the children were members of the Turtle Mountain Band of Chippewa Indians, DPHHS gave notice of the petition and the scheduled hearing to the Band in accordance with the Indian Child Welfare Act (ICWA). At the March 19 adjudicatory hearing the children were declared youths in need of care. In April 2014, the District Court provided Mother and Father with DPHHS-proposed treatment plans. In April 2015, the Department filed a petition to terminate Mother's and Father's parental

rights. In early 2016, the District Court granted the Department's petition. In February 2016, Mother appealed. Father did not and is not a part of this proceeding.

¶3 The District Court's order terminating Mother's parental rights concluded that continuation of the parent-child legal relationship between Mother and the children "will result in an ongoing risk of abuse and/or neglect to the Youths," whereas the applicable standard under ICWA required the court to determine, beyond a reasonable doubt, that continued custody likely will result in serious emotional or physical damage to the children. Mother claimed that the evidence did not support the ICWA standard in this case. Over the State's opposition, she maintained that the District Court's failure to apply the ICWA standard warranted reversal of the order of termination.

¶4 On June 28, 2016, we ordered the matter remanded to the District Court, noting that "ICWA is an important and potentially controlling factor in the disposition of Mother's appeal." We instructed the District Court to clarify whether ICWA applied to the children in this case, and if so, to apply the heightened standard mandated under ICWA for determining whether termination of Mother's parental rights is justified by the evidence presented at the termination hearing. The District Court issued its Amended Order on July 19, 2016, concluding that ICWA applied to the case before it and that continuation of a parental relationship with Mother will result in an "ongoing risk of abuse and/or neglect to the Youths" and continued custody by Mother "would likely result in serious emotional or physical damage to the Youths." We have considered the parties' arguments in light of the District Court's Amended Order and we now affirm.

3

¶5 We review a district court's decision to terminate parental rights for abuse of discretion. *In re K.B.*, 2013 MT 133, ¶ 18, 370 Mont. 254, 301 P.3d 836. In ICWA cases, we will uphold the district court's termination of parental rights if a reasonable fact-finder could conclude beyond a reasonable doubt that allowing the parent to continue custody would likely "result in serious emotional or physical damage to the child." *K.B.*, ¶ 18. A district court abuses its discretion when it acts "arbitrarily, without employment of conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *In re M.J.*, 2013 MT 60, ¶ 17, 369 Mont. 247, 296 P.3d 1197. We review a district court's factual findings for clear error. *In re A.K.*, 2015 MT 116, ¶ 20, 379 Mont. 41, 347 P.3d 711. We review a district court's application of law for correctness. *K.B.*, ¶ 18 (internal citations omitted).

¶6 The District Court was presented with evidence that Mother and the children were not enrolled in the Turtle Mountain Band of Chippewa Indians. However, throughout the District Court proceeding, the parties complied with the requirements of ICWA and an ICWA expert testified at the termination hearing. Additionally, the District Court heard substantial evidence of Mother placing her children in danger on multiple occasions by using methamphetamine and alcohol in their presence. Hair testing of the children revealed "very high levels for methamphetamine." Mother also repeatedly violated her probation terms from previous forgery convictions by allowing Father, who has been convicted of sexual assault and assault of his minor son from another relationship, to stay the night at Mother's and have unsupervised contact with the children.

¶7      It is undisputed that following removal of the children from Mother's home in March 2014, Mother engaged in her treatment plan, including chemical dependency treatment, and appeared to be doing well. However, in September 2014, Mother, Father, Mother's boyfriend, all of whom had been drinking, and the two children went on a picnic during which Father stabbed Mother's boyfriend in a violent altercation in the presence of the children. Mother was arrested on probation violations and remanded into custody. In December 2014, she pled nolo contendere to criminal possession of dangerous drugs and was sentenced to the Department of Corrections for five years, none suspended. Subsequently, DPHHS petitioned for termination of Mother's parental rights and the District Court granted the petition.

¶8      In the Amended Order, the District Court made the following relevant findings:

1. Mother had two other children older than A.D. and K.D.; she relinquished parental rights to one of them and had her rights to the other child terminated.

2. Mother traditionally responds well under supervision but reverts to unsafe behaviors when supervision ceases.

3. Mother demonstrates manipulative behaviors by verbalizing learned concepts but failing to act accordingly.

4. A.D. is engaged in therapy as a result of Mother's behavior and actions.

5. The DPHHS case worker expressed concern regarding Mother's ability to parent the children based upon Mother's cyclical history of progress and relapse and her current projected incarceration.

6. The ICWA expert testified that efforts to reunify Mother with the children were unsuccessful and continued custody by Mother would likely result in serious emotional or physical damage to the children.

7. Mother failed to successfully complete her treatment plan and the condition that caused her to fail is unlikely to change in a reasonable period of time.

5

8. Mother has a lengthy history of substance abuse and despite frequent treatment programs, has been unable to overcome her addiction.

9. Mother is currently under a judicially-ordered long term confinement.

¶9 The court concluded in relevant part:

1. The children had been in foster care for twenty-three months.

2. Continuation of the parent-child relationship will result in an ongoing risk of abuse and/or neglect and continued custody would likely result in serious emotional or physical damage to the children.

3. The best interests of the children will be served by termination of Mother's parental rights.

¶10 While a dispute may remain as to the applicability of ICWA in this case, the record nonetheless illustrates that the proceeding was conducted in accordance with ICWA, and the District Court considered the heightened standard applicable to ICWA cases. Moreover, the evidence demonstrates beyond a reasonable doubt that continued custody by Mother is likely to result in serious emotional or physical damage to the children and supports the court's other findings and conclusions. *K.B.*, ¶ 18. As the ICWA standard encompasses the lesser standard applicable to non-ICWA cases, the non-ICWA standard has been satisfied as well. We may affirm a district court decision that is correct regardless of the district court's reasoning in reaching its decision. *PacifiCorp v. State*, 2011 MT 93, ¶ 54, 360 Mont. 259, 253 P.3d 847. In this case, the District Court's termination of Mother's parental rights is supported by the evidence and was not an abuse of discretion.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶12     We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE